IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NORRIS,<br><br>             Plaintiff,<br><br>      vs.<br><br>PAMELA STARR,<br><br>             Defendant. | No. 2:06-cv-01624-JKS-GGH<br><br>ORDER |

      Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On December 11, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Plaintiff has filed objections to the Findings and Recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

      While the Court may sympathize with the seemingly Catch-22 situation in which Plaintiff appears to find himself, the law as established by controlling authority is clear.  To the extent the action is based upon an administrative grievance that was filed and denied as untimely prior to the time this lawsuit was commenced, it must be dismissed for failure to properly exhaust administrative remedies by timely filing.  *Woodford v. Ngo*, 548 U.S. 81 (2006).  On the other hand, to the extent that Plaintiff had pending an administrative grievance that had not been

completely processed, *i.e.*, a premature filing, the Court must also dismiss the action even though exhaustion was completed after commencement of the case. *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002).

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed December 11, 2007, are adopted in full;
2. Defendant's motion to dismiss at Docket No. 14 is GRANTED;
3. The Complaint is DISMISSED, without prejudice; and
4. The Clerk of the Court to enter final judgment accordingly.

Dated: May 7, 2008.

                                        s/ James K. Singleton, Jr.
                                        JAMES K. SINGLETON, JR.
                                        United States District Judge